IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANGELA Y. DAWSON and<br>ALVIN L. KENDALL,<br><br>Plaintiffs<br>V<br><br>CITY OF ATLANTA, GEORGIA<br>And its MAYOR ANDRE DICKENS,<br><br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action File No.<br>______________________ |

**COMPLAINT**

COME NOW, ANGELA Y. DAWSON and ALVIN L. KENDALL, The Plaintiffs herein, and file this Complaint for Damages and Injunctive Relief against the City of Atlanta and its Mayor Andre Dickens and shows the Court as follows:

**JURISDICTION**

1.

Plaintiffs bring this civil-rights lawsuit pursuant to 42 U.S.C. §1983, 28 U.S.C §1331, and the Declaratory Judgments Act, 28 U.S.C. §2201, for violations of rights, privileges, or immunities secured by the Fourth, Fifth, Eight, and Fourteenth Amendments of the Constitution of the United States.

2.

Plaintiffs seek injunctive and declaratory relief against Defendant City of Atlanta because the City's Tree Ordinance (Ordinance) both facially and as-applied to Plaintiffs violate their constitutional rights. Accordingly, this Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331 (federal question jurisdiction) and §1343 (civil-rights jurisdiction).

3.

This Court has jurisdiction over pendent state statutory and common law claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction)

## VENUE

4.

Venue lies in this District because the claims arose in this District as provided by 28 U.S.C. §1391, and the subject Property is situated, and the actions set forth herein occurred within the territorial jurisdiction of this Court.

## PARTIES

5.

Plaintiffs are husband and wife and are property owners in the City of Atlanta, Georgia. The Plaintiffs reside in the City of Atlanta.

6.

The City of Atlanta is a political subdivision of the State of Georgia. Service of the City may be perfected by serving it Mayor Andre Dickens at 55 Trinity Avenue, SW, Suite 2500, Atlanta, Georgia 30303. The Mayor is the elected head of the City of Atlanta government.

## FACTS COMMON TO ALL COUNTS

7.

Plaintiffs own real properties located at 912 Tuckawanna Drive, SW, Atlanta, Georgia 30311 ("Tuckawanna Property"), 3120 Cascade Road, Atlanta, Georgia 30311 ("Cascade Home), and 4336 Cascade Road, Atlanta, Georgia 30331 (Cascade Land"), (collectively "The Properties").

8.

Each of the Properties contain various types of trees and various sizes of trees.

9.

At various times, trees have fallen, died, or been removed from the Properties.

10.

Defendants have fined and denied building permits to Plaintiffs because of the removal of various trees of various sizes at the Properties based on the City's Tree Ordinance (the "Ordinance").

11.

At common law, the right to own property includes an absolute ownership right to the trees, shrubs and other objects situated thereon, including the right to cut, trim, remove or otherwise utilize the same.

12.

A third party who interferes with that property interest is guilty of a crime under Georgia law.

13.

Government interference with that severable interest can give rise to a taking under the Fifth and Fourteenth Amendments to the United States Constitution.

14.

The Defendants assessed fines for Plaintiffs' failure to get the City's permission to remove trees on the Properties.

COUNT ONE

## UNCONSTITUTIONAL TAKING IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

15.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-14 as though fully set forth herein.

16.

Both on its face and as applied in this case, the City's Ordinance effectively grants the City a controlling interest in the trees on Plaintiffs' Properties.

17.

Defendants will not grant a permit to remove or engage certain activities in connection with a tree on the Plaintiffs' Properties unless Defendants agree the tree is dead.

18.

Issuance of a permit is not based on whether removing a tree will injure others, create a public nuisance, or cause any other cognizable public or private harm.

19.

Instead, the granting of a permit is solely contingent on whether Plaintiffs compensates the City or the tree is dead.

20.

By claiming a right to control the use and disposition of the harvested or unwanted objects on the Plaintiffs' Properties, the City has made a claim to ownership that is in fact a possession of the objects.

21.

The City has not offered any compensation to Plaintiffs and the Ordinance does not provide any mechanism by which Plaintiffs may be compensated for the City's taking such possessory interest.

22.

Accordingly, the Ordinance both on its face, and as applied in this case, is an uncompensated taking in violation of the Fifth Amendment.

COUNT II

**UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

23.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-22 as though fully set forth herein.

24.

The City's Ordinance violates the Fourth Amendment in that it is a meaningful interference with Plaintiffs' possessory interests in the Properties, which is unreasonable because the interference is unjustified by law or, if justified, then uncompensated.

25.

The Ordinance, both on its face and as applied, creates a meaningful interference with Plaintiffs' possessory interest in the trees on their Properties by eliminating their abilities to use, modify, destroy, or alienate the trees without paying a penalty.

26.

The City demands and the Ordinance mandates that Plaintiffs pay for exercising control over their own Properties without government consent.

27.

The Ordinance is an unreasonable seizure in violation of the Fourth Amendment.

COUNT III

**UNCONSTITUTIONAL CONDITION OF THE USE OF PRIVATE PROPERTY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

28.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-27 as though fully set forth herein.

29.

Both on its face and as applied in this case, the Ordinance allows the City to charge hundreds of dollars for failure to get permission to remove a single tree (City Ordinance 24-O-1691, Division 18, §158-86).

O30.

Such conditions imposed by the Ordinance are not roughly proportional to any interest the City has in keeping harvested or unwanted trees in place on the Properties.

31.

There is no evidence that clearing the harvested or unwanted trees from the Properties will negatively affect the neighbors of Plaintiffs' Properties, or the health, safety or environment of the City or its residents.

32.

The conditions imposed by the Ordinance are therefore not roughly proportional to any public harm caused by Plaintiffs' removal of the harvested or unwanted trees from their Properties and therefore unconstitutional applied.

33.

Because of the gross disproportionality is built into the Ordinance-i.e., the Ordinance requires excessive compensation for the removal of trees-the Ordinance is also unconstitutional on its face.

COUNT IV

**EXCESSIVE FINE IN VIOLATION OF THE EIGHT AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTIUTION**

34.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-33 as though fully set forth herein.

35.

The City has imposed fines on Plaintiffs that total nearly $100,000 for failure to obtain a permit to remove trees on the Properties.

36.

The fines imposed by the City against the Properties are so out of proportion to the gravity of the offense charged as to be excessive in violation of the Eighth Amendment.

37.

Because this gross disproportionality is built into the Ordinance, the Ordinance is also unconstitutional on its face.

COUNT V

**INJUNCTIVE RELIEF**

38.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-37 as though fully set forth herein.

39.

Plaintiffs allege that both on its face and as applied, the Ordinance violates their Constitutional rights.

40.

If an injunction does not issue enjoining Defendants from enforcing the Ordinance, Plaintiffs will be irreparably harmed.

41.

Plaintiffs have no plain, speedy, and adequate remedy at law to prevent the Defendants from enforcing the Ordinance.

42.

If not enjoined by this Court, Defendants will continue to enforce the Ordinance in derogation of Plaintiffs' rights.

43.

Accordingly, injunctive relief is appropriate.

COUNT VI

**DECLARATORY RELIEF**

44.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-43 as though fully set forth herein.

45.

An actual and substantial controversy exists between Plaintiffs and Defendants as to their legal rights and duties with respect to whether the Ordinance violates the United States Constitution on its face and as applied in this case.

46.

This case is presently justiciable because the Ordinance applies to Plaintiffs on its faces, and has been applied against Plaintiffs because the City has issued a

Notice of Violation and Stop Work Order against Plaintiff alleging that Plaintiffs have violated the Ordinance and is subject to civil and criminal sanctions.

COUNT VII

**LEGAL FEE PURSUANT TO O.C.G.A. §13-6-11 and THE CIVIL RIGHTS ATTORNEY'S FEES AWARD ACT, 42 USC §1988**

47.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1-46 as though fully set forth herein.

48.

Defendants have acted in bad faith, has been stubbornly litigious, and/or has caused Plaintiffs unnecessary trouble and expense. Accordingly, Plaintiffs are entitled to recover litigation cost pursuant to O.C.G.A. §13-6-11.

49.

Plaintiffs are entitle to attorney's fees pursuant the Civil Rights Attorney's Fees Act, 42 U.S.C. §1988.

WHEREFORE, PLAINTIFFS pray as follows:

1) That service of process issue as authorized by law;
2) Entry of judgment declaring the Ordinance an unconstitutional taking on its face and as applied in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

3) Entry of Judgment declaring that the Ordinance on its face and as applied constitutes an unreasonable seizure of property in violation of the Fourth and Fourteenth Amendments to the United States Constitution;
4) Entry of Judgment declaring that the Ordinance on its face and as applied places an unconstitutional condition on the use of the Property in violation of the Fifth and Fourteenth Amendments to the United States Constitution;
5) Entry of Judgment that the penalties mandated by the Ordinance for the removal of trees on private property are unconstitutionally excessive on their face, in violation of the Eight and Fourteenth Amendments to the United States Constitution;
6) Entry of Judgment declaring that the penalties assessed by the City against Plaintiffs for removing trees on the above-described properties are unconstitutional excessive in violation of the Eight and Fourteenth Amendments to the United States Constitution;
7) Entry of od a preliminary and a permanent injunction prohibiting the City from enforcing the Ordinance against Plaintiffs and prohibiting the City from collecting fees for violation of the Ordinance;

8) An award of attorney's fees, costs and expenses in this action pursuant to the Civil Rights Attorney's Fees Award Act, 42 USC §1988 and O.C.G.A §13-6-11;

9) Such further legal and equitable relief the Court deems just and necessary.

Respectfully submitted,
THE KENDALL LAW FIRM

Alvin L. Kendall.
Georgia Bar No. 414040
Counsel for Plaintiffs
THE KENDALL LAW FIRM
1133 Cleveland Avenue
Atlanta, Georgia 30344
678-257-2002
Fax 678-257-1730
akendall@kendalllawfirm.us